**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 11-60285-ROSENBAUM/SNOW**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DARYL DAVIS,

        Defendant.
_____/

## **ORDER**

This matter is before the Court on Defendant Daryl Davis's Motion to Dismiss Count Seven (7) of Second Superseding Indictment [D.E. 513]. The Court has carefully reviewed Defendant's Motion and the Government's Response [D.E. 515] and is otherwise duly advised in the premises. For the reasons set forth below, the Court now denies Defendant Davis's Motion.

Defendant is charged in a multiple-count Second Superseding Indictment with various crimes relating to a spree of armored-car robberies and attempted robberies. In the pending Motion to Dismiss, Defendant challenges Count 7 of the Second Superseding Indictment, which alleges that, in committing Hobbs Act robbery, Defendant used and carried a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Defendant asserts that this count should be dismissed because it is a lesser-included charge of Count 8 of the Second Superseding Indictment, which charges using and carrying a firearm during and in relation to a crime of violence, and, in the course of doing so, causing the death of a person through the use of a firearm in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1).

According to Defendant, allowing both Counts 7 and 8 to remain a part of the Superseding Indictment would violate the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution. *See* D.E. 513. This is so, Defendant contends, because "Counts Seven (7) and Eight (8) violate the 'same elements' test articulated in *Blockburger v. United States*, 52 S. Ct. 180, 182 (1932)." *Id*. at 1.

The problem with Defendant's argument arises out of the fact that binding Eleventh Circuit precedent forecloses it. The Double Jeopardy Clause protects defendants from the imposition of multiple punishments for the same crime. *United States v. Dowd*, 451 F.3d 1244, 1251 (11th Cir. 2006) (citation omitted). But all that the Double Jeopardy Clause precludes is sentencing a defendant to a "greater punishment than the legislature intended." *Id.* (quoting *Missouri v. Hunter*, 459 U.S. 359, 366 (1983)) (internal quotation marks omitted). "If the statutes under which the defendant was sentenced specifically authorize cumulative punishments for the same offense a court may impose cumulative punishment without running afoul of the Double Jeopardy Clause." *Id.* (citation and internal quotation marks omitted).

With these considerations in mind, the Eleventh Circuit has determined that Congress intended to impose cumulative punishments under Sections 924(c) and 924(j). *See United States v. Julian*, 633 F.3d 1250, 1256-57 (11th Cir. 2011). Because "Section 924(c) provides that a criminal shall receive a sentence 'in addition to,' 18 U.S.C. § 924(c)(1)(A), any other sentence, . . . it is 'irrelevant for Double Jeopardy purposes' that proof of a violation of section 924(j) 'always proves a violation of § 924(c).'" *United States v. Julian*, 633 F.3d 1250, 1257 (11th Cir. 2011) (citation and internal quotation marks omitted). As a result, Defendant Davis's Motion to Dismiss Count Seven

(7) of Second Superseding Indictment [D.E. 513] must be **DENIED**.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 29th day of March 2013.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:

The Honorable Lurana S. Snow

Counsel of Record